IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MICHAEL A. ELLISON,

  Plaintiff,

v.            CIVIL ACTION NO.: CV514-011

GEORGIA DEPARTMENT OF
CORRECTIONS; BRIAN OWENS,
Commissioner; DARRELL HART,
Warden; and SHIRLYN THOMAS,
Deputy Warden,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Autry State Prison in Pelham, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he was transferred to Walker State Prison in November 2010 and held in segregation without cause. Plaintiff contends that he filed a grievance and was retaliated against as a result. Plaintiff also contends he was transferred to another penal institution in December 2010, and the deputy warden at that institution threatened to have him killed. Plaintiff alleges that he filed another grievance and was transferred to Ware State Prison in April 2011 and was forced to live in a non-secure living area. Plaintiff contends that Defendant Hart, the Warden at Ware State Prison, and Defendant Thomas, the Deputy Warden of Care and Treatment, failed to take action to move him to a more secure environment. Plaintiff contends that he was "fatally assaulted" by gang members and received life-threatening injuries after he was stabbed. (Doc. No. 1, p. 6). Plaintiff asserts that, after this assault on July 2011, he did not receive proper medical treatment. Plaintiff alleges that Defendant Owens, the Commissioner of the Georgia Department of Corrections, allowed him to be transferred in September and October 2011 and that Plaintiff was subjected to a prison riot at Hancock State Prison in

November 2011. Plaintiff also alleges that he was transferred to Dodge State Prison in July 2012 and was pushed by an officer upon his exit from the bus.

Plaintiff names Brian Owens, Darrell Hart, and Shirlyn Thomas as Defendants and has sued these individuals in their official capacities only. (Doc. No. 1, pp. 1, 6). A lawsuit against a correctional officer in his or her official capacity is no different from a suit against the government itself; such a defendant is immune. Smith v. Fla. Dep't of Corr., 318 F. App'x 726, 728 (11th Cir. 2008) (citing Powell v. Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007)). Plaintiff's claims against Defendants Owens, Hart, and Thomas in their official capacities should be **DISMISSED**.

In addition, a lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Because the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections, the Eleventh Amendment immunizes this office from suit. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Thus, Plaintiff's claims against the Georgia Department of Corrections should be **DISMISSED**.

Further, Plaintiff's claims appear to be unrelated to each other. A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff has failed to show a logical relationship between his allegations against

AO 72A
(Rev. 8/82)

the named Defendants and the putative claims he may have asserted against individuals not named at other penal institutions throughout the State of Georgia. The Court will not allow the joinder of these unrelated claims, and Plaintiff's Complaint should be **DISMISSED** for this reason, as well.

Finally, Plaintiff's allegations against the named Defendants stem from events allegedly occurring in July 2011. Constitutional claims brought pursuant to section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Based on Plaintiff's assertions, it appears that the events giving rise to Plaintiff's Complaint occurred nearly three (3) years ago. Plaintiff's Complaint should be **DISMISSED** as being barred by the applicable statute of limitations. The only events Plaintiff sets forth in his Complaint which appear not to be barred by the applicable statute of limitations are those arising out of Dodge State Prison in Chester, Georgia, which is in the Dublin Division of the Southern District of Georgia.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 8th day of May, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

4